
FILED
JAN 7 2011

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TORY MICHAEL WILLIAMS,** | Civil Case No. 11-20-ST |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **WILMINGTON FINANCE,** a Division of AIG Federal Savings Bank, **SMITH AND JORDAN FINANCIAL SERVICES, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, US BANK, NATIONAL ASSOCIATION,** as Trustee for MLMI SURF Trust Series 2006-BCI, **WILSHIRE CREDIT CORPORATION, NORTHWEST TRUSTEE SERVICES, BAC HOME LOAN SERVICING, LP, RECONTRUST COMPANY, N.A.,** | |
| Defendants. | |

Tory Michael Williams
2335 SE 104th Drive
Portland, Oregon 97216

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

This matter comes before the Court on plaintiff's Application to Proceed In Forma Pauperis and Motion for a Temporary Restraining Order. For the reasons that follow, the Court grants plaintiff's Application to Proceed In Forma Pauperis, strikes the oral argument scheduled for 2:30 pm on Friday, January 7, 2011, denies plaintiff's Motion for a Temporary Restraining Order, and dismisses the Complaint without prejudice.

Plaintiff seeks an injunction against defendants to halt the foreclosure of plaintiff's mortgage and a Trustee's sale of the residence at 2335 SE 104th Dr., Portland, Oregon 97216, which plaintiff asserts is scheduled for January 10, 2011.

The Court is obligated to evaluate whether it has subject matter jurisdiction because if no federal subject matter jurisdiction exists, the Court is precluded from hearing the issues. Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

Federal courts, as opposed to state courts, are courts of limited jurisdiction. Unless a grant of jurisdiction over a particular case is affirmatively conferred on a federal court by the United States Constitution and granted by Congress, the court is presumed to lack jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994). Federal courts have only the authority granted to them by Article III, § 2 cl. 1 of the United States Constitution and grants of jurisdiction contained in statutes enacted by Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). For purposes of this case, federal jurisdiction

requires either diversity of citizenship and more than $75,000 in controversy, 28 U.S.C. § 1332, or a federal question, 28 U.S.C. § 1331.

The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001). Here, plaintiff asserts jurisdiction on the basis of diversity of the parties, but plaintiff is an Oregon resident and he lists at least one of the defendants, Smith and Jordan Financial Services, as an Oregon resident, with a principal place of business in Tigard, Oregon. Accordingly, complete diversity between the parties does not exist. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties–each defendant must be a citizen of a different state from each plaintiff.").

The existence of federal question jurisdiction is determined from the face of the complaint. Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990). However, in addition to examining the literal language of the complaint, the district court must analyze whether jurisdiction would exist under a properly pleaded complaint. Easton v. Crossland Mort. Corp., 114 F.3d 979, 982 (9th Cir. 1997) (per curiam).

The only claim arising under federal law is the allegation that defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. However, claims for violation of TILA are redressed by rescission and damages. Damages claims are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), and rescission claims "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); see also Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) (section 1635 (f) "completely extinguishes the right of rescission at the end of the 3-year period"); Miguel

v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (same). Plaintiff cannot state a claim under TILA for either rescission or damages because such claims are now time-barred. Plaintiff executed the promissory note and trust deed on October 10, 2005. This action was filed on January 6, 2011, more than five years later. Although damages claims may be equitably tolled "in certain circumstances," plaintiff has not alleged any actions on the part of any of the defendants that would have prevented discovery of the alleged TILA violations. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make required TILA disclosures occurred, if at all, at the time the loan documents were signed, when plaintiffs were in full possession of all information relevant to the discovery of a TILA violation; plaintiffs produced no evidence of undisclosed credit terms, fraudulent concealment, or other action by defendant that prevented plaintiffs from discovering their claim).

This Court does not have subject matter jurisdiction over the Complaint as it is currently filed. Consequently, the Court must dismiss the Complaint without prejudice and will not hear plaintiff's Motion for a Temporary Restraining Order.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Application to Proceed In Forma Pauperis (#1). This case is dismissed without prejudice. Plaintiff's Motion for a Temporary Restraining Order is denied as moot and the oral argument scheduled for 2:30 pm on Friday, January 7, 2011 is stricken. Plaintiff has leave to file an Amended Complaint identifying the

///

///

basis for the court's jurisdiction within thirty days of the date of this order. Plaintiff should alert the Court if he wishes to proceed in state court rather than file an Amended Complaint in this Court, at which time the Court will enter a judgment dismissing this case without prejudice.

IT IS SO ORDERED.

Dated this ____7th____ day of January, 2011.

_____
Garr M. King
United States District Judge